60.4311/60.4313

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:21-cv-03227 |
| ) | |
| UCAL SYSTEMS, INC., dba Amtec Precision Products, and ) | |
| MARTY JAEGER, individually and on behalf of all similarly ) | |
| situated individuals, ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, WESTFIELD INSURANCE COMPANY (hereinafter "Westfield"), by and through its attorneys, LINDSAY, PICKETT & POSTEL, LLC, and for its Amended Complaint for Declaratory Judgment against the Defendants, UCAL SYSTEMS, INC., dba Amtec Precision Products ("UCAL") and MARTY JAEGER, individually and on behalf of all similarly situated individuals ("Jaeger"), alleges as follows:

### INTRODUCTION

1. In this declaratory judgment action, Westfield seeks a declaration that it owes no duty to defend or indemnify UCAL under several policies of insurance issued to it, with respect to a class action lawsuit filed by Jaeger, alleging that his employer, UCAL, violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA") by unlawfully collecting his and other employees' biometric data.

### THE PARTIES

2. Westfield is an Ohio corporation, which maintains its principal place of business in Westfield Center, Ohio. Westfield is a citizen of Ohio.

3. UCAL is a Delaware corporation with its principal place of business in Elgin,

Illinois. UCAL is a citizen of both Delaware and Illinois.

4. Jaeger is a citizen of Illinois. Jaeger is named herein only in that he may be deemed a necessary party with an interest in the subject matter of this action. Westfield seeks no relief from Jaeger, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If Jaeger will sign a stipulation to that effect, then Westfield will voluntarily dismiss him as a defendant.

## JURISDICTION AND VENUE

5. No defendant is a citizen of the plaintiff's state of citizenship, Ohio, so diversity of citizenship exists.

6. The amount in controversy exceeds $75,000 exclusive of interest and costs. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to void coverage for a loss exceeding $75,000 in value.

7. This Court therefore has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a).

8. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois.

9. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

## THE UNDERLYING COMPLAINT

10. On February 25, 2021, plaintiff Marty Jaeger, individually and on behalf of all others similarly situated, filed a Class Action Complaint against UCAL in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois (A complete copy of the underlying complaint is attached hereto as **Exhibit A**).

11. The Complaint alleges that the insured is a manufacturer and seller of precision machining and plastic molded products, which uses biometric timekeeping systems, which "extract[ed]" biometric information from individuals such as handprints, fingerprints or portions thereof, and uses the same for authentication and timekeeping purposes. The underlying complaint alleges that UCAL requires employees to submit to biometric scans for timekeeping purposes.

12. The Complaint alleges that the system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services. The complaint alleges that Jaeger worked for the insured from June 2013 through May 2019 and was required to provide biometric scans to the insured each time Jaeger clocked in and out of work.

13. The complaint seeks to establish a class under 735 ILCS § 5/2-801 as follows:

Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of [the insured] within the state of Illinois at any time within the applicable limitations period. The underlying complaint sets forth two counts for violation of BIPA against UCAL.

14. The Complaint alleges that UCAL violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 ("BIPA"), which makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first" informs the person from whom the information is collected that it is being collected or stored, of the purpose for which it is collected and the length of time for which it is collected, stored or used, and received a written release from the subject. 740 ILCS 14/15(b).

15. Specifically, the Complaint alleges UCAL's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements as follows:

3

a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e. Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f. Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

## TENDER OF DEFENSE

16. UCAL tendered defense to Westfield, which refused to accept the tender of defense for the reasons herein stated.

## THE WESTFIELD POLICIES

17. Westfield issued policy number WCP 3893177, providing workers compensation and employer's liability insurance to the insured for the policy period of June 1, 2013/2014. The policy has been renewed annually since its inception, with the current policy expiring on June 1, 2021. The limits under Part Two of the policy are as follows; $500,000 for each accident for bodily injury by accident, $500,000 for bodily injury by disease for each employee and in the aggregate. True and correct copies of the relevant worker compensation policies issued to UCAL are attached hereto as **Exhibits B through G**.

4

18. Westfield also issued policy number CMM 5270929, providing general liability and umbrella coverage to the insured for the policy period of June 1, 2013/2014. Like the WC/EL policies, the policies have been renewed annually since its inception, with the current policy expiring June 1, 2022. The CGL liability limits are $1 million per occurrence, $1 million in Personal and Advertising Injury limits and $2 million in the aggregate. The relevant Umbrella limits in the policies are $20 million per occurrence, $20 million in Personal and Advertising Injury limits, and $20 million in the aggregate. True and correct copies of the relevant CGL/UM policies issued to UCAL are attached hereto as **Exhibits H through P**.

**The Workers' Compensation Policies' Coverage Form**

19. Each relevant WCP policy utilizes Form WC 00 00 00 C (1-15), which states, in relevant part, as follows:

**PART ONE**<br>**WORKERS COMPENSATION INSURANCE**

A. **How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.

2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

B. **We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

C. **We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right

5

to investigate and settle these claims, proceedings or suits. We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

\* \* \*

## PART TWO
## EMPLOYERS LIABILITY INSURANCE

A. **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in item 3.A. of the Information Page ([here, Illinois]).

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

B. **We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

2. For care and loss of services; and

6

    3.    For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

    4.    Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

### Commercial General Liability Coverage Form and Endorsements

20. Each relevant CGL policy utilizes the Commercial General Liability Coverage Form, CG 00 01 04 13, which states in relevant part:

**SECTION I – COVERAGES**

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion investigate any offense and settle any claim or "suit" that may result.\*\*\*

\* \* \* \* \*

**2. Exclusion**

This insurance does not apply to:

    **a.**    **Knowing Violation Of Rights Of Another**

        "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

\* \* \* \* \*

7

    **p.**     **Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

\* \* \* \* \*

## SECTION V – DEFINITIONS

\* \* \* \* \*

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * * * *

21. Each relevant CGL policy contains the Employment – Related Practices Exclusion, Form CG 21 47 12 07, which alters the Commercial General Liability Coverage part of the policies and states in relevant part:

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * * * *

**B.**    The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

**(1)**    A person arising out of any:

    **(a)**    Refusal to employ that person;
    **(b)**    Termination of that person's employment; or
    **(c)**    Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

9

> **(2)** The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b) or (c) above is directed.
>
> This exclusion applies:
>
> **(1)** Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before employment, during employment or after employment of that person;
>
> **(2)** Whether the insured may be liable as an employer or in any other capacity; and
>
> **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

22. Each relevant CGL policy contains the EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION, Form CG 21 06 05 14. The endorsement modifies the Commercial General Liability Coverage part and provides in relevant part as follows:

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

> **B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> **Access Or Disclosure Of Confidential Or Personal Information**
>
> "Personal and Advertising Injury" arising out of any access to or disclosure of any person's or organization's confidential or personal

10

information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

### **Commercial Liability Umbrella Coverage Form and Endorsements**

23. Each relevant Umbrella Coverage Part carries the same Commercial Liability Umbrella Coverage Form, CU 00 01 04 13. The Westfield policies are intended to be interpreted as wholes, but for the convenience of the Court and counsel, Westfield sets forth certain pertinent provisions from the Umbrella Coverage Form's Personal and Advertising Injury coverage part, as follows:

**SECTION I – COVERAGES**

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. At our discretion, we may investigate any offense that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.\*\*\*

\* \* \* \* \*

2. **Exclusions**

11

This insurance does not apply to:

**a.** "Personal and advertising injury":

    **(1) Knowing Violation Of Rights Of Another**

    Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

    \* \* \* \* \*

    **(14) Employment-related Practices**

    To:

    **(a)** A person arising out of any:

    \* \* \* \* \*

    **(iii)** Employment-related practices, policies, acts or omissions.

    \*\*\*

    This exclusion applies whether the injury-causing event described \*\*\* above occurs before employment, during employment or after employment of that person.

    \* \* \* \* \*

    **(17) Recording And Distribution Of Material Or Information In Violation Of Law**

    Arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

    **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

    **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

12

      **(4)**    Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

* * * * *

### SECTION V – DEFINITIONS

* * * * *

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

- **a.** False arrest, detention or imprisonment;
- **b.** Malicious prosecution;
- **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
- **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
- **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
- **f.** The use of another's advertising idea in your "advertisement"; or
- **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * * * *

24. Each relevant policy contains the EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION, Form CU 21 86 05 14. The endorsement modifies the Commercial Liability Umbrella Coverage part and provides in relevant part as follows:

**EXCLUSION – ACCESS OR DISCLOSURE OF
CONFIDENTIAL OR PERSONAL INFORMATION AND
DATA-RELATED LIABILITY – WITH LIMITED
BODILY INJURY EXCEPTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART

\* \* \* \* \*

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and Advertising Injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

<u>COUNT I</u>
**NO DUTY TO DEFEND OR INDEMNIFY UCAL UNDER WORKER COMPENSATION POLICIES**

27. Westfield incorporates by reference paragraphs 1 through 26 above, as if set forth fully herein.

28. Westfield has no duty to defend or indemnify UCAL under the Westfield worker compensation policies, for one or more of the following reasons, pleading hypothetically or in the alternative:

    a. There is no coverage under the workers' compensation / employer's liability insurance policies because Part Two of the coverage parts requires bodily injury caused by accident or disease and there is no allegation in the underlying complaint that alleges bodily injury as a result of an accident and/or disease.

    b. Further, Part Two requires that the liability of the insured is derivative of the liability of a third party by reason of a claim or suit against the insured to recover damages claimed against the third party as a result of injury to the insured's employee, but that situation is not alleged here.

29. There may be other bases upon which Westfield can properly deny coverage and Westfield reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, WESTFIELD INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify UCAL under Westfield's Worker Compensation policies, against the allegations of the underlying lawsuit filed by MARTY JAEGER, on behalf of himself and other similarly situated individuals, in the Sixteenth Judicial Circuit Court of Illinois, Kane County, Cause No. 2021 L 101, and for such other and further relief as this Court deems fair and just under circumstances.

**COUNT II**
**NO DUTY TO DEFEND OR INDEMNIFY UCAL UNDER CGL COVERAGE PART**

30. Westfield incorporates by reference paragraphs 1 through 26 above, as if set forth fully herein.

31. Westfield has no duty to defend or indemnify UCAL under the Westfield CGL policies, for one or more of the following reasons, pleading hypothetically or in the alternative:

    a. The underlying complaint does not allege any "personal and advertising injury" in that none of the "offenses" meeting that definition are alleged in the underlying complaint.

    b. To the extent that the underlying complaint alleges "personal and advertising injury," such injury would have been caused by or at the direction of UCAL with the knowledge that the act would violate the rights of another and would inflict such injury, and is thus excluded by the knowing violation exclusion **2.a.**

    c. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose directly or indirectly out of an action or omission that violates or is alleged to violate a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information, and is thus excluded by the Recording and Distribution of Material or Information in Violation of Law exclusion **2.p.**

    d. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose out of an employment-related practice and is thus excluded by the Employment-Related Practices Exclusion endorsement.

    e. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose out of access to or disclosure of confidential or personal information and is thus excluded by the Access or Disclosure of Confidential or Personal Information endorsement.

    f. UCAL failed to provide timely notice to Westfield of the underlying suit, as required by the Westfield policy, which is a condition precedent to coverage.

32. There may be other bases upon which Westfield can properly deny coverage and Westfield reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, WESTFIELD INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify UCAL under its CGL coverage, against the allegations of the underlying lawsuit filed by MARTY JAEGER, on behalf of himself and other similarly situated individuals, in the Sixteenth Judicial Circuit Court of Illinois, Kane County, Cause No. 2021 L 101, and for such other and further relief as this Court deems fair and just under circumstances.

### COUNT II
### NO DUTY TO DEFEND OR INDEMNIFY UCAL UNDER UMBRELLA COVERAGE

33. Westfield incorporates by reference paragraphs 1 through 26 above, as if set forth fully herein.

16

34. Westfield has no duty to defend or indemnify the UCAL under the Westfield Umbrella Coverage, for one or more of the following reasons, pleading hypothetically or in the alternative:

   a. The underlying complaint does not allege any "personal and advertising injury" in that none of the "offenses" meeting that definition are alleged in the underlying complaint.

   b. To the extent that the underlying complaint alleges "personal and advertising injury," such injury would have been caused by or at the direction of UCAL with the knowledge that the act would violate the rights of another and would inflict such injury, and is thus excluded by the knowing violation exclusion **2a(1)** of the Umbrella Coverage Form.

   c. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose out of an employment-related practice and is thus excluded exclusion **2a(14)** of the Umbrella Coverage Form.

   d. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose directly or indirectly out of an action or omission that violates or is alleged to violate a state statute that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information, and is thus excluded by the Recording and Distribution of Material or Information in Violation of Law exclusion **2a(17)** of the Umbrella Coverage Form.

   e. To the extent that the underlying complaint alleges "personal and advertising injury," such injury arose out of access to or disclosure of confidential or personal information and is thus excluded by the Access or Disclosure of Confidential or Personal Information endorsement, which modifies the Umbrella Coverage Form.

   f. UCAL failed to provide timely notice to Westfield of the underlying suit, as required by the Westfield policy, which is a condition precedent to coverage.

35. There may be other bases upon which Westfield can properly deny coverage and Westfield reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, WESTFIELD INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or

indemnify UCAL under its Umbrella coverage, against the allegations of the underlying lawsuit filed by MARTY JAEGER, on behalf of himself and other similarly situated individuals, in the Sixteenth Judicial Circuit Court of Illinois, Kane County, Cause No. 2021 L 101, and for such other and further relief as this Court deems fair and just under circumstances.

          Respectfully submitted,

          LINDSAY, PICKETT & POSTEL, LLC

          By: */s/ Peter G. Syregelas*
          One of the Attorneys for Plaintiff,
          Westfield Insurance Company

Peter G. Syregelas
Direct Phone: 312-970-5661
psyregelas@lpplawfirm.com
Philip G. Brandt
Direct Phone: 312-762-5154
pbrandt@lpplawfirm.com
LINDSAY, PICKETT & POSTEL, LLC
10 S. LaSalle St., Suite 1301
Chicago, Illinois 60603
Fax: (312) 629-1404
Firm No. 62461
*Attorneys for Plaintiff Westfield Insurance Company*